MARK LEWIS, p b. appl't *vs*. JONATHAN M. HAZEL, d. b. respd't.

The transcript of a justice of the peace on appeal, though required to be under seal, is not essential to give jurisdiction to the Superior Court, and the seal may be waived by pleading to an irregular transcript.

Consent cannot give jurisdiction; but may waive any defect or irregularity in process.

If advantage be not taken of such irregularity at the earliest period it is a waiver.

JUNE term, 1847. Questions reserved by the Superior Court of Kent county.

The questions arose in the Superior Court on an appeal from the judgment of a justice of the peace, in which appeal the parties had pleaded to issue, and the jury were sworn; when the counsel for the defendant moved to dismiss the appeal for want of a sufficient certificate to the transcript.

The questions reserved were : 1st. Is a transcript " duly certified " for the purpose of entering an appeal in the Superior Court, *by the hand of the justice* without a *seal?* 2d. If a seal be essential, can advantage be taken by the defendant of the want of such seal, after appearance by him to the appeal, rule on the appellant to declare, pleas filed, jury empannelled and sworn, and plaintiff's testimony closed? 3d. May not the court direct the justice's certificate to the transcript to be amended, by his affixing his seal to it.

[All the judges were present at the hearing, to wit, Johns, jr., Chancellor; Booth, Chief Justice; Harrington, Milligan, and Hazzard, Justices.]

*Layton*, for defendant.—The case was not regularly in the court below, which had no jurisdiction to try it. The act of assembly requires the appellant to file a " duly certified " transcript, and gives

jurisdiction to the appellate court thereupon; and sec. 40, requires this transcript to be under hand *and seal*. (*Dig.* 345, *secs.* 24, 25, 40; 2 *Harr. Rep.* 158, 160.)    2d. The Superior Court had no power to suffer this matter to be amended.    It was not a cause "*pending*" in that court; nor was there any thing to amend by.    3d. The pleading to issue was no waiver of any objection to the jurisdiction.    It is not in the power of a party, by waiving any right, or by a direct consent, to give a court jurisdiction.

Whenever the court discovers its want of jurisdiction it will dismiss the cause.    (1 *Tyler's Rep.* 218; 2 *Cranch* 126; 4 *Ibid* 46; 4 *Cowen's Rep.* 80, 540; 5 *Ibid* 33; 9 *Ibid* 227, 229.)

In courts of limited jurisdiction, though not inferior, the facts which are requisite to the jurisdiction must appear on the face of the record. (2 *Bac. Ab.* 630; 9 *Mod. Rep.* 395; 3 *Dall. Rep.* 382; 4 *Ibid* 7, 8.)

*Bates* and *Bates, jr.*—At the stage of the proceedings stated in the second question reserved, it is not competent for the respondent to object to this transcript.

The jurisdiction of the Superior Court over the subject matter of causes appealed into that court from justices courts, is perfect whenever the prerequisites required by the act are complied with, so far as the party appealing is required to do them.    These prerequisites are: 1st. That the sum in controversy shall exceed $5 33.    2d. That the appeal shall be taken in fifteen days.    3d. That the party appealing shall enter into security.    All other things are merely formal to bring the record up; to bring the parties in; to compel them to plead, and bring on the trial.

Nothing that is essential to the jurisdiction can be dispensed with by the court, or can be waived by the parties; but any thing that relates to the mode of proceeding merely, may be supplied or waived. The argument of the other side is founded on the principle that consent cannot give jurisdiction.    In one sense this is true; in another it is not.    It is very common to lose an objection, which might properly be taken on a plea in abatement, by pleading over.    The true meaning of the maxim is, that no consent can give a court jurisdiction to try a cause, the subject matter of which the court is not invested with jurisdiction over; but where the court has jurisdiction of the cause of action, defects in the initiatory process may be cured, though such process may, in one sense, be essential to the court's jurisdiction.    Thus, the court has no jurisdiction to try the cause of a party defendant, without notice to him; and yet, if he appear and

plead he waives this objection to the jurisdiction. (1 *Bouv. Law Dict.* 732, 733; 4 *Mass. Rep.* 590, 591; 3 *Johns. Rep.* 105, 113.)

The doctrine of waiver is, that though a party may have some advantage in the course of the proceeding, he shall be bound to use it at the right time, or he shall be considered as having waived it. (1 *East Rep.* 81.)

The transcript is not in any sense *essential* to the *jurisdiction* of the Superior Court. The act says, that appeals shall be allowed *of right.* (*Secs.* 22, 23.) Whenever the party has appealed and given security, the jurisdiction of the court is complete over the case; yet something must be done to bring the parties, and the case, into court; and that is the filing a transcript. Just as in other cases the issuing process is necessary to bring the case into court, though it has jurisdiction independently of this. The Superior Court has jurisdiction of trespasses from the time they are committed, yet they have no power to proceed until this jurisdiction is moved by issuing process, and summoning the defendant. Any objection to the jurisdiction of the court over the matter is fatal; but an objection to the exercise of the jurisdiction from some defect in moving it to action, must be made at the right time, or it is waived.

The object of the appeal is to provide a jury trial in the cases requiring it. It is the *right* of the party on complying with the conditions required of him. Is it likely or reasonable that this right should be left to the pleasure of the magistrate? that he may defeat it by not certifying the transcript properly, or not at all.

On the great principle alone of the *right* to the appeal, the Pennsylvania courts entertain appeals not duly certified by the magistrate. (1 *Ashm. Rep.* 380; 3 *Serg. & Rawle* 364; 6 *Ibid* 549; 2 *Alab. Rep.* 40.)

The act provides that on filing and entering the transcript in a cause, the court shall have jurisdiction thereof. It does not say shall thereupon, or from thenceforth, have jurisdiction. It simply means that the court shall have cognizance; and (in this connection,) that the particular court in which it was filed, (the Supreme Court or Court of Common Pleas having concurrent jurisdiction,) should have the jurisdiction to try this particular cause. Just as in actions of trespass, though both of these courts had jurisdiction of a trespass from the time it was committed, the court in which the suit was brought had the jurisdiction (or cognizance) of the particular case of trepass as between parties to it.

As to the cases cited, the Vermont case was not within the jurisdic-

tion of the court appealed to. One answer applies to all the New York cases. The law of that State requires a bond to be given on the appeal with surety, and for default of such surety declares that " the appeal shall have no effect whatever." The cases are all cases of this kind. They by no means come up to the position that a defect in certifying the record, after a bond was regularly given, would deprive the court of jurisdiction. (2 *Rev. Stat. N. York* 259.)

If this objection had been taken at the first term, the court would have suffered the justice to put his seal to the transcript. But instead of making the objection then, the defendant pleaded to issue, continued the appellant with his witnesses in court for two terms, and raised the objection only at the close of a trial before the jury. This is a waiver of the objection to any defect in the transcript of the justice.

*Layton*, in reply.—1st. No amendments have ever been allowed after the jury has been sworn. 2d. It is the *filing a transcript* which gives the Superior Court jurisdiction of appeals from justices of the peace. The mode of taking the appeal, and the filing the transcript is the *act of the party;* and if the certificate is defective, it is the fault of the party, as well as of the magistrate. The magistrate is also liable to him for any negligence on his part. If the appeal be not properly entered, the law says the "appeal *shall* be abated." That was my motion in the Superior Court.

The cases cited on the other side are cases of waiver of a personal privilege, or favor granted for the ease of the party.

*By the Court:*

BOOTH, *Chief Justice.*—1st. In no case is a transcript from the docket of a justice of the peace, certified under such a seal as is recognized by the common law. An ink-scroll, or flourish of a pen, has been allowed by common usage, as a substitute. The scroll does not, in point of fact, although called a seal, give any authenticity whatever to the transcript. The authentication appears only by the signature of the justice. As his docket entries are treated as records, and copies are, by the act of assembly, to be received in evidence in any court, when certified under the hand and seal of the justice, it was a useless provision to require his seal, unless it was intended as a further authentication than was afforded by the fact of his merely signing his name. A seal according to the common law, has some device, emblem, or inscription, which distinguishes it from other seals; and when required to be affixed to a writing, the impression must be made on wax or wafers. Although the common law has been

departed from in this State, in the case of private instruments which require a seal, by allowing the substitute of a scroll, merely because a party's signature is better known and more easily proved than his seal, the common law ought not to have been departed from in any case, where the authentication of a record of a court or magistrate was required to be under seal. As a scroll or flourish, a vain ceremony at best, is in all cases of records of justices of the peace, substituted for a seal, and in nowise serves to authenticate the transcript, it would be in accordance with common sense to hold that the transcript was sufficiently authenticated by the signature of the justice, without the scroll. But as the Superior Court acting upon the principle of " communis error facit jus," held in the case of Green *vs.* Kinney, 2 *Harr.* 160, that a seal, by which was meant a scroll, was essential to the certificate of a transcript; we follow that decision upon the principle of " stare decisis;" and therefore hold, that the transcript to be duly certified for the purpose of entering an appeal, must be under the hand and seal of the justice.

2d. The respondent's counsel assumes in his argument, that jurisdiction in cases of appeal from justices of the peace, is given to the Superior Court, only by the appellant's delivering to the prothonotary, a transcript of the docket entries certified under the hand and seal of the justice, and the prothonotary's filing the transcript, and setting down the appeal on the docket, as directed by the 24th section of the act for the recovery of small debts. (*Dig.* 343.) It is then argued, that if the transcript is not properly certified, the Superior Court has no jurisdiction over the case; and therefore, although the transcript is perfect in all respects, except that it is without a scroll, or flourish of a pen; all the proceedings before the Superior Court are a nullity: that as consent cannot confer jurisdiction, the defect cannot be cured, and the appeal must therefore be dismissed. If this reasoning be correct, then it follows, that if in any other respect, besides the omission of the justice to make a flourish with his pen, the directions of section 24, *Dig.* 343, 344, are not strictly pursued, as for instance, if the prothonotary omits to file the transcript, or to indorse the time of receiving it, or to enter the appeal on his docket, or the time of filing the transcript, or does not immediately issue a summons to the appellate, to appear and answer to the appeal, or omits it altogether, the appeal must be dismissed; and the right to have a rehearing, expressly secured by the statute to a party who offers before the justice sufficient security to prosecute his appeal with effect, is forever defeated.

The whole of this argument is founded in misconception; and hence the wrong application to this case, of a sound principle of law. By *jurisdiction* is meant, that power which is conferred by law, upon a court, judge, or magistrate, to hear and determine the subject matter in controversy between litigating parties. Jurisdiction is conferred by statute on the Superior Court to hear and determine the subject matter of appeals from justices of the peace; and the transcript of the docket entries of the justice is required to be filed, not to confer jurisdiction, but to enable the court to exercise the jurisdiction conferred by law, that is, to hear and determine the subject matter in controversy. The transcript is for the purpose of giving the court cognizance of the appeal; and in this respect, is in the nature of process requiring a party to appear and answer to a suit where the court possesses original jurisdiction over the subject matter. If the court never had jurisdiction, no consent of parties can give it. Therefore, if an appeal be taken where the statute confers on the court no appellate jurisdiction, the appeal will be dismissed in any stage of the cause. But any irregularity or defect in the process, or other form of proceeding by which cognizance of a case is given to a court of which it possesses original or appellate jurisdiction, may be waived by the party for whose benefit such process or form of proceeding is required. If he does not take advantage of the irregularity or defect at the earliest period, he is considered as having waived it. In the present case, if the respondent chose to avail himself of the want of a scroll to the justice's certificate of the transcript, he was bound to make the objection at the term to which he was summoned to appear, or before he did any act, from which a waiver could be implied. Neglecting to do so ; and having pleaded to the declaration and gone to trial, the defect has been waived. It is an admission by him, that the transcript is in proper form ; and operates as an estoppel against his alledging otherwise.

The opinion of this court on the first and second questions, renders the consideration of the third unnecessary. It is therefore ordered, that the opinion of this court be certified to the Superior Court in and for Kent county, and that the said court cause judgment to be entered for the appellant for the amount of the verdict, and all costs.

JOHNS, JR., *Chancellor.*—1st. Is a transcript of the docket entries, in a case tried before a justice of the peace, duly certified for the purpose of entering an appeal in the Superior Court, the certificate to such transcript being under the hand of the justice, without a

seal? The act of assembly requires the transcript to be furnished by the justice, under hand and seal, and when so certified, makes the same evidence, and duly certified; therefore, without the seal, I consider it not a duly certified transcript for the purpose of entering an appeal.

2d. If it be required by the act, that such transcript should be certified under the seal of the justice, can advantage be taken by the the respondent of the want of such seal, after appearance by him to the appeal, rule on appellant to declare, pleas filed, jury empannelled and sworn, and testimony closed?

The act of assembly, (*Dig. Del. Laws, p.* 343, *sec.* 24,) provides, " It shall *be the duty* of the party appealing, or his, her or their executors or administrators, to cause the appeal to be entered in the court of law in the county wherein the judgment appealed from shall have been given, on or before the first day of the term of such court next after the date of the appeal," and then prescribes the manner of entering the appeal thus, " and for this purpose, *to deliver a transcript duly* certified of all the docket entries in the case wherein the appeal taken shall have been taken, to the clerk or prothonotary of the court in which the appellant shall elect to enter the appeal." The transcript being duly certified, and the appellant having done what the act makes it his duty to perform, the appeal is then entered.

If the appellant delivers to the prothonotary a paper purporting to be a transcript, and the same not being under the hand and seal of the justice, is filed by the prothonotary, the appeal is not entered, and the case stands precisely as it would if nothing had been done; and the case of appeal not being before the appellate court, necessarily remains a case before the justice, with an appeal taken, but not legally prosecuted. Therefore, the irregularity having occurred by the act of the prothonotary in filing a paper not a transcript, the court adopted their 41st rule, prohibiting the prothonotary from so acting in any future case, and requiring the transcript to be under the hand and seal of the justice. (2 *Harr. Rep.* 160.)

The 25th section of the act of assembly, gives the respondent or appellee his remedy, if the party appealing shall not cause the appeal to be entered in the Supreme Court or Court of Common Pleas, as hereinbefore prescribed, viz., " the appeal shall be abated." Now, if we ascertain where it abates, it decides the question before what tribunal it exists? It is requisite that the evidence of the non-entry, or irregular entry, must be exhibited to the tribunal in which the appeal by law is abated, otherwise, it cannot act upon the case; there-

fore, the act for this purpose, provides in the words immediately after the word abated: " and the certificate of the clerk, and the certificate of the prothonotary, under the hand of the officer, and seal of the court, showing that the appeal has not been *regularly* entered in the court, being made after the first term, and produced to *the justice,* he shall file such certificate, and strike off the appeal." This express legal enactment upon the subject, embraces the case of an irregular entry, as well as that of no entry. Hence, in cases of appeals taken and not regularly entered by a duly certified transcript, delivered to the clerk or prothonotary, as in the act prescribed, it is apparent the case and appeal thereon granted by the justice, remain before him, and are not transferred to the appellate court. The transcript duly certified and delivered to the prothonotary, is the key that unlocks the door of the appellate court, and gives the case legal admission, or legal entry, so as to be entitled to attention and judicial action. Hence, the act provides, after authorizing the justice as I have above stated, to strike off the appeal in obedience to the legal command that " the appeal *shall* be abated," provides; " also, if the party appealing, *after the appeal shall be duly entered,* shall neglect to prosecute the same, &c., there shall be entered an order of court, that the appeal be dismissed, and *the record* remitted to the justice from whom the appeal came, and a judgment that the appellate recover costs against the appellant;" which costs the justice is to add to the original costs before him, &c.

From the preceding legal provisions upon this subject of appeal, the appellate court cannot exercise a power which dispenses with the express legislative enactment upon the subject; nor can the prothonotary, by his act, annul the rule of the court. Then the case only remains to be considered upon the latter branch of the question, which I will now advert to. It relates to the effect of the proceedings in the Superior Court, and whether they deprive the appellate of his right to take advantage of the irregular entry of the appeal. If I am correct in considering the appeal not before the Superior Court, then the jurisdiction being appellate, and the subject matter of appeal and record of the inferior tribunal being not transferred, it appears to me, the party entitled to his remedy before the justice, and having none before the Superior Court, cannot be prejudiced by the proceedings, when by the act of assembly, he is required to wait until after the term of the court expires, before he can apply to the justice to have the appeal abated, and his relief is by the act given in the inferior, and not in the Superior Court; therefore, I conclude the doctrine of waiver cannot be considered applicable to the case.

3d. If a seal be essential as aforesaid, may not the court at such stage of the proceedings, direct the justice's certificate to the transcript, to be amended by his affixing his seal to it? The constitution, art. 6, sec. 16, provides, " in civil causes when pending, the Superior Court shall have the power of directing amendments." In this case, as I do not consider the appeal pending in the Superior Court, it cannot be that the court can with propriety direct the justice to affix his seal. Besides, the act of assembly granting the appeal, having embraced the subject, and prescribed the specific remedy to the party aggrieved, appears to me necessarily to exclude the justice from being liable to any such order from the Superior Court.

Certificate ordered, that judgment be rendered below in favor of the appellant.